IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>*Plaintiff(s)* )<br>  )<br>v. )<br>  )<br>Timothy Milke )<br>_____ )<br>*Defendant(s)* ) | Case:    4:20-CR-208<br><br>Judge:   James M. Moody, Jr. |

### **DEFENDANT'S MOTION TO CONTINUE JURY TRIAL**

COMES NOW, Timothy Milke, by and through their attorney, Christopher Baker of the James Law Firm, for their Motion to Continue Jury Trial states as follows:

1. This case is currently scheduled for jury trial on June 14th, 2023, at 9:00 AM.

2. Defense Counsel has verified with the Government that this motion is unopposed.

3. The Government would request that the time be excluded.

4. The time period for this delay should be excluded under 18 U.S.C. 3161(h)(7)(a). This subsection applies because an order granted here would be at the request of the Defendant. *Id.* The Defendant waives his right to a speedy trial for the duration of this continuance the additional time caused by this motion is excludable under the Speedy Trial Act.

5. To properly deconflict future scheduling, Defense Counsel would request an extension of approximately 60 days to deconflict with trials, hearings, and appearances already scheduled.

6. Defense Counsel is also aware of the importance of this Court's time and calendaring and is making his best effort to not "not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *United States v. Vallery*, 108 F.3d 155, 157 (8th Cir. 1997). To aid the Court in its current decision, Defense Counsel is providing supplemental

information to appropriately address the necessary factors in determining a continuance. *See United States v. Cordy*, 560 F.3d 808 (8th Cir. 2009)(outlining the five relevant factors in a continuance as the nature of the case, diligence of parties, conduct of the parties, effect and disadvantage of granting the continuance, and the asserted need for the continuance.); *see also* 18 U.S.C. 3161(h)(B)(i) – (iv).

7. The nature of this case stems from the alleged manufacture of indecent sexual material. The case began around December 2019 and an indictment was filed on December 27th, 2019. The case has not previously been continued by the Defense. This case is not extremely complex and does not have a significant number of defendants, but Defense Counsel remains in belief that these factors do tip the scales in disfavor of this request.

8. The Government has, thus far, fully cooperated in this matter and this request for continuance is not based on their contributions or actions to this case.

9. The effect of this continuance is multi-part. The initial effect is that the overarching public interest in the prompt disposition of criminal cases is slightly extended. Next, the Court itself is then affected whenever a previously scheduled item is adjusted or moved and availability on the docket is reduced. Competing alongside these important interests, is the Defendant's right to counsel, and that counsel's ability to provide effective assistance.

10. With the prior interests in mind, Defense Counsel believes that the overall interest for all parties is most appropriately served and balanced by resetting this matter to be heard on a further date. Defense Counsel requires additional time to review previously received evidence and to review new evidence which the Government has requested but not yet received from the Federal Bureau of Investigations.

11. A failure to grant this continuance would likely result in prejudice and additional legal complications, not just for the client, but also for Defense Counsel. Defense Counsel has a duty to his client and this Court to inform them if would not be prepared to proceed and to ask for a

continuance.  *See e.g. United States v.* Phifer, 511 F.2d 960, 1975 U.S. App. LEXIS 16206 (4th Cir. 1975).  The inability to review all received evidence would likely prejudice the Defense's opportunity to introduce pretrial motions.

12. Moreover, the request for continuance in this matter is not due to the fault of the Defendant.  Here, the Defendant has not made attempts to purposely induce delay by changing counsel or otherwise attempting to manipulate this Court's calendar. *c.f. United States v. Leavitt*, 608 F.2d. 1290, 1979 (9th Cir. 1979).  Defense Counsel further notes Government and Defense Counsel have actively exchanged evidence in this case; additional time is needed solely to review previous evidence and to receive new discovery recently requested from the Federal Bureau of Investigations.

13. Finally, the asserted need for the continuance is to allow for effective representation of Defense Counsel's clients.  Defense Counsel has brought this motion in good faith and with utmost respect to the Court's docket and continues to firmly believe that the ends of justice are most honorably respected and served if a continuance is issued in this case.

WHEREFORE, Defendant prays that this matter be continued and for all other proper relief.

Dated: May 30, 2023                                Respectfully submitted,

/s/ Christopher Baker

Christopher Baker, Esq.
Arkansas Bar No. (501) 800-6877
*Attorney for Timothy Milke*
cbaker@jamesfirm.com
James Law Firm
1001 La Harpe Blvd.
Little Rock, AR 72201
Telephone: 501-375-0900
Fax: 501-375-1356