IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  No. 4:20-CR-00208-JM
    4:24-CV-00945-JM

TIM MILKE

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 53) is DENIED.

**I.   BACKGROUND**

On June 12, 2023, Defendant pleaded guilty to possession of child pornography.[1] He was sentenced to 84 months in prison and did not appeal.[2]

**II.  DISCUSSION**

    **A.   General Complaints**

Defendant complains about whether one of his lawyers liked him and whether another was too young to handle the case. He also provides a self-serving history about the circumstances of his arrest and the investigation. None of these arguments entitle him to relief.

    **B.   Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[3] He must identify

---

[1] Doc. No. 41.

[2] Doc. No. 61.

[3] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[4]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[5] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[6]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[7] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[8]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, I need not consider the remaining part of the test.[9]

Defendant argues that his lawyer failed to file a motion to suppress. "When a defendant claims that counsel was ineffective by failing to litigate a Fourth Amendment challenge to a search and seizure, the defendant must prove that the claim is meritorious."[10] Defendant's conclusory statements fall far below his burden. Based on the record, Defendant was caught having sex with a minor in public and the minor later advised the police that she had sent

---

[4] *Id.* at 690.

[5] *Id.*

[6] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[7] *Strickland*, 466 U.S. at 694.

[8] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[9] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[10] *United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012).

Defendant nude photos and videos. With this information, the police kept Defendant's cell phone and obtained a search warrant. A search of Defendant's phone revealed child pornography, which formed the basis of the charges in this case. Defendant's lawyer's refusal to file a meritless motion does not support an ineffective assistance claim.[11]

Defendant also claims ineffective assistance because his lawyer's inexperience led him to plead guilty to a seven-year sentence when his guideline range was only 33 to 41 months. Defendant ignores the fact that his plea agreement was to a superseding information that removed his exposure the statutory, mandatory minimum of 180 months for production of child pornography. Without the plea agreement, Defendant would have received over double his current sentence. He has not established an ineffective assistance claim. Defendant's speculations regarding why the government made the plea deal does not support a claim.

Finally, Defendant complains that his lawyer failed to hire a psychologist to review his Army medical file to assess Defendant state-of-mind and failed to interview the victim. Neither claim establishes deficient performance or prejudice.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 53) is DENIED.

IT IS SO ORDERED this 25th day of November, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[11] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance"); *Aguirre v. United States*, No. CIV 13-1007, 2013 WL 1702034, at *1 (D. S.D. Apr. 18, 2013) (holding that a "failure to file a frivolous motion to suppress can never constitute ineffective assistance of counsel.").